**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4372-17T2

CHRISTINE ZEIKEL,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

JEFFREY S. ZEIKEL,[1]

       Defendant-Respondent/
       Cross-Appellant.

_____

       Argued October 20, 2020 – Decided October 29, 2020

       Before Yannotti, Haas and Mawla.

       On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-1145-12.

       Karin Duchin Haber argued the cause for appellant/cross-respondent (Haber Silver & Simpson, attorneys; Karin Duchin Haber, of counsel; Jani Wase Vinick, on the briefs).

---

[1] The parties advised us at oral argument that defendant passed away during the pendency of this appeal.

James C. Jensen argued the cause for respondent/cross-appellant (Laufer, Dalena, Jensen & Bradley, LLC, attorneys; James C. Jensen, of counsel; Gregory D. R. Behringer, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff appeals from the Family Part's March 9, 2018 order denying her motion to require the equitable distribution of defendant's UMB Bank, JP Morgan Chase, KeCalp Investment, and E*Trade accounts. Plaintiff also challenges the court's May 3, 2018 order, which denied her motion for reconsideration. Defendant has filed a cross-appeal and argues that the court erred by requiring him to provide plaintiff with his Merrill Lynch account statements in order to facilitate the equitable distribution of that asset. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

I.

The parties are fully familiar with the procedural history and facts of this matter and, therefore, we need only briefly summarize them here.

The parties were married in June 1991, and they separated in November 2008. Plaintiff filed the complaint for divorce that is the subject of this appeal on June 26, 2012.

Although the parties disagreed on the date to be used in determining equitable distribution, the trial judge found after a multi-day trial that

> [b]oth parties concede[d] that all the assets described at trial or in their Case Information Statements [were] subject to equitable distribution, [except for] gifts to [defendant] from his parents. Both parties believe[d] that the majority of assets acquired . . . during the marriage should be equitably distributed on a fifty-fifty (50/50) basis.

Perhaps because of this mutual concession by the parties, the judge did not specifically identify all of the marital assets discussed at trial that were subject to equitable distribution or determine the value of each asset as required by well-established case law. See Slutsky v. Slutsky, 451 N.J. Super. 332, 355 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 444 (App. Div. 2015)). Instead, the judge divided the parties' assets as follows in his October 3, 2017 written opinion:

> [A]ll marital assets, not otherwise specifically divided in an alternative manner herein, should be divided 50/50 as of the date of the filing of the divorce complaint—June 26, 2012, including the following:
>
> 1)    Plaintiff's Chase Checking account ending in 9755;
>
> 2)    Plaintiff's Chase Saving account ending in 4301;
>
> 3)    Plaintiff's Wells Fargo PMA Prime Checking account ending in 5582;

3

4) Plaintiff's Wells Fargo Crown Banking account ending in 1021;

5) Plaintiff's Wells Fargo High Yield Savings account ending in 34171;

6) Plaintiff's Wells Fargo Regular Savings account ending in 7567;

7) Plaintiff's Wells Fargo Standard Brokerage account;

8) Plaintiff's 401K Profit Sharing;

9) Plaintiff's Deloitte Partnership interest;

10) Defendant's Merrill Lynch IRA ending in 0203;

11) The value of the three (3) vehicles, (2012 Porsche Panamera, 2006 Acura MDX and 2001 BMW 7401).

[(emphasis added).]

After the judge's decision was rendered, a dispute arose between the parties concerning the equitable distribution of certain accounts that were not specifically listed in the decision. Plaintiff asserted that defendant's UMB Bank, JP Morgan Chase, KeCalp Investment, and Merrill Lynch account ending in #9677 were discussed at trial and, therefore, subject to equitable distribution. During the trial, plaintiff also alleged that defendant had improperly dissipated his E*Trade account sometime prior to the June 26, 2012 date of equitable

4

distribution. Although she had sought to recover a share of the dissipated funds, the trial judge did not mention or resolve this claim in his decision.

Accordingly, plaintiff asked defendant to provide her with statements concerning all five of these accounts so that the parties could determine their value and equally divide each asset. With the exception of the E*Trade account, defendant did not dispute that he had possession of these assets. In an April 12, 2018 certification, defendant "acknowledge[d] that [he had] other accounts that were subject to equitable distribution and [he] acknowledged that the spirit of [the trial judge's] decision was that all marital assets were to be equalized as of the date of the filing of the [c]omplaint." Nevertheless, defendant alleged he "had no idea what happened to the E*Trade account," and he claimed that the trial judge "did not distribute the E*Trade account or any other accounts not listed in the" judge's October 3, 2017 order.

The parties could not resolve their differences concerning equitable distribution and other issues. On January 23, 2018, defendant filed a motion to enforce certain provisions of the trial judge's order that are not germane to the present appeal. In response, plaintiff filed a cross-motion seeking equitable distribution of the five accounts listed above.[2]

---

[2] Plaintiff's motion also sought other relief that is not a subject of this appeal.

The matter was assigned to another judge (the motion judge) for disposition. On March 9, 2018, the motion judge issued an order denying plaintiff's request for equitable distribution of the UMB Bank, JP Morgan Chase, KeCalp Investment, and E*Trade accounts. Ignoring the trial judge's clear statement that "all marital assets . . . should be divided 50/50 as of the date of the filing of the divorce complaint, including the following[,]" before he listed eleven of the parties' assets, the motion judge ruled that any asset not specifically listed by the first judge was not subject to equitable distribution. (emphasis added). Thus, the motion judge denied plaintiff's request for statements concerning defendant's UMB Bank, JP Morgan Chase, and KeCalp Investment accounts so that they could be equitably distributed.

At the same time, however, the motion judge inconsistently found that plaintiff was "entitled to [fifty percent] of the amount in the Merrill Lynch [a]ccount ending in 9677 [after discounting a $1 million gift defendant had received from his parents] so long as this account was established during [the] parties' marriage using marital assets." The judge also ordered defendant to "cooperate in obtaining any and all statements necessary to facilitate equitable distribution of this account." However, this account, like the UMB Bank, JP

6

Morgan Chase, and KeCalp Investment accounts listed above, was not specifically enumerated in the trial judge's decision.

The motion judge also denied plaintiff's request for a decision on her claim that defendant had dissipated his E*Trade account prior to the filing of the divorce complaint. The motion judge stated that the trial judge had not addressed this request in his decision and, therefore, "[t]hese issues [were] no longer appropriate for review." The judge also commented that the "[p]arties conducted an extensive [t]rial and this [c]ourt is unwilling to reopen newly discovered assets. Discovery took place over the course of several years. The [trial judge] already listed the accounts that are to be divided."

On May 3, 2018, the motion judge denied plaintiff's motion for reconsideration. The judge again ruled that because the trial judge had not listed the UMB Bank, JP Morgan Chase, KeCalp Investment, and E*Trade accounts in his decision, they were not subject to equitable distribution. Plaintiff's appeal and defendant's cross-appeal followed.

II.

On appeal, plaintiff argues in Point I of her brief that the motion judge erred by denying her request for equitable distribution of the UMB Bank, JP Morgan Chase, and KeCalp Investment assets. We agree.

A-4372-17T2

The scope of our review of the Family Part's orders is generally limited. We owe deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). However, we owe no special deference to the judge's legal conclusions. Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

Further, we review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Accordingly, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. . . ." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for

reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

Applying these standards, we are constrained to conclude that the motion judge mistakenly ruled that the UMB Bank, JP Morgan Chase, and KeCalp Investment accounts were not subject to equitable distribution because the trial judge did not specifically list them in his written decision. As noted above, the trial judge stated that "all marital assets" were to "be divided 50/50 as of the date of the filing of the divorce complaint[,] . . . including the following . . . ." (emphasis added).

The trial judge's use of the phrase "including the following" before providing a list of eleven assets is significant. As our Supreme Court recently confirmed, the addition of the word "including" before a list means that the list is not exhaustive because that term "implies that there is more than what is listed." Sanchez v. Fitness Factory Edgewater, LLC, 242 N.J. 252, 264-65 (2020) (quoting New Oxford American Dictionary 879 (3d ed. 2010)). Stated another way, the use of the word "including typically indicates a partial list." Ibid. (quoting Black's Law Dictionary 912 (11th ed. 2019)). Thus, the motion judge incorrectly concluded that the trial judge's list of eleven assets comprised the only assets that were subject to equitable distribution.

9

The magnitude of this mistake is a "game-changer" that requires reconsideration of the motion judge's decision. Palombi, 414 N.J. Super. at 289. If, as plaintiff asserts, the parties raised the distribution of the UMB Bank, JP Chase Morgan, and KeCalp Investment accounts during the course of the trial, the trial judge's decision plainly required that the assets be split "50/50." Therefore, the motion judge should have reviewed the trial record to ensure that the accounts were disclosed in discovery and covered by the testimony and, if so, required defendant to provide the statements needed to determine each party's fifty percent share of the assets.

For similar reasons, we agree with plaintiff's contention in Point III of her brief that the motion judge should have addressed the trial judge's failure to render a decision on the question of whether defendant improperly dissipated his E*Trade account just before the parties separated in 2008. If that occurred, the motion judge should have determined whether plaintiff was entitled to recover the dissipated funds as part of her equitable distribution. The parties do not dispute that defendant had the account in 2008, but defendant asserted he did not know what happened to it and, in any event, he no longer had the account on June 26, 2012, the date of equitable distribution. Because the trial judge did

10

not render a decision on this issue, the motion judge was obligated to do so. Thus, a remand is in order.

In deciding to remand the issue of the proper distribution of the UMB Bank, JP Morgan Chase, KeCalp Investment, and E*Trade accounts, we reject plaintiff's contention in Point II of her brief that we should instead exercise our original jurisdiction to determine the amounts, if any, that are due her. "[W]e exercise our original factfinding authority under Rule 2:10-5 only 'with great frugality and in none but a case free of doubt.'" Bacon v. New Jersey State Dept. of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015) (quoting Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003)). This is not such a case.

Here, plaintiff has not provided us with a trial transcript. Although she presents copies of some exhibits pertaining to the accounts at issue, we cannot determine whether the parties addressed these assets in discovery during their trial testimony or whether they existed on June 26, 2012, the date designated for equitable distribution. We also have no basis for calculating the amounts due to each party from these accounts. Therefore, the record is wholly inadequate to allow us to exercise our original fact-finding authority in this case.

Accordingly, we reverse the motion judge's decision denying plaintiff's requests for equitable distribution of the UMB Bank, JP Morgan Chase, KeCalp

11

Investment, and E*Trade accounts, and remand the matter to the Family Part for further proceedings. On remand, the trial court shall determine whether the assets in question were disclosed in discovery and discussed during the trial. The court should conduct a plenary hearing if the issue cannot be decided based on a review of the record and the trial transcript. If the court finds that the accounts were raised at trial, the court shall order defendant to provide any records that would assist in determining the value of the accounts, and shall then divide them on a "50/50" basis as ordered by the first judge.

As noted in Point IV of her brief, the motion judge denied plaintiff's motion for counsel fees in connection with her partially successful motion to enforce the trial judge's order, especially in connection with plaintiff's request for distribution of defendant's Merrill Lynch account ending in #9677. In view of our determination that other accounts must now be examined, we reverse this determination and direct the Family Part to reconsider plaintiff's motion for counsel fees as part of the remand.

In deciding to reverse and remand this matter for further proceedings, we have considered and rejected defendant's contention that the plaintiff's requests for relief should have been raised in a notice of appeal from, or a motion for reconsideration of, the trial judge's October 3, 2017 order. As discussed above,

12

the trial judge's decision made clear that the list of assets it contained was not exhaustive. The judge did not place values on any of the accounts and left it to the parties to exchange the documentation that would permit them to equally divide the assets as they had always contemplated. Thus, plaintiff properly attempted to resolve the issues through an exchange of documentation and, when that failed, correctly sought to enforce the trial judge's clear directives.[3]

## III.

Finally, we address defendant's cross-appeal. Defendant alleges that the motion judge erred by requiring him to provide plaintiff with statements concerning the Merrill Lynch account ending in #9677. As he did with regard to the accounts that were the subject of plaintiff's appeal, defendant asserts he had no obligation to disclose any additional information concerning the Merrill Lynch account because it was not specifically enumerated in the trial judge's decision. However, this argument lacks merit for the reasons stated above.

Plaintiff has advised us that defendant has already provided her with the statements needed to distribute this account. Thus, on remand, the Family Part

---

[3] Defendant's assertion that plaintiff's claims should have been barred by the doctrine of unclean hands is without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

A-4372-17T2

shall proceed to divide this asset in accordance with the motion judge's March 9, 2018 order.

## IV.

In sum, we affirm the motion judge's order directing the distribution of the Merrill Lynch account ending in #9677. We reverse the judge's denial of plaintiff's motion to require the distribution of the UMB Bank, JP Morgan Chase, KeCalp Investment, and E*Trade accounts, and remand for further proceedings concerning these accounts in accordance with this opinion.

Affirmed in part; reversed in part; and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4372-17T2